# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Eric F.,**
**Petitioner Below, Petitioner**

**vs)  No. 14-0834** (Tyler County 12-C-18)

**Marvin Plumley, Warden, Huttonsville**
**Correctional Complex, Respondent Below,**
**Respondent**

**FILED**

June 26, 2015

**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

## MEMORANDUM DECISION

Petitioner Eric F.,[1] appearing *pro se*, appeals the order of the Circuit Court of Tyler County, entered on August 12, 2014, that denied his petition for writ of habeas corpus. Respondent warden,[2] by counsel Laura Young, filed a response, and petitioner filed a reply.

The Court has considered the parties' briefs and the records in each case. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the records presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner was charged[3] with thirteen counts of sexual misconduct with regard to the minor daughters of the woman with whom he was living.[4] The victims, J.R.R. and T.R.K., were both thirteen years old when the abuse began and fifteen and sixteen years old at the time it ceased. Petitioner and the State entered into a binding plea agreement pursuant to Rule 11(e)(1)(C) of the West Virginia Rules of Criminal Procedure. The parties agreed that petitioner would plead guilty

---

[1] Consistent with our practice in cases involving sensitive facts, we use only petitioner's first name and last initial, and identify the minor victims only by their initials. *See State ex rel. W.Va. Dept. of Human Services v. Cheryl M.*, 177 W.Va. 688, 689 n. 1, 356 S.E.2d 181, 182 n. 1 (1987).

[2] Pursuant to Rule 41(c) of the Rules of Appellate Procedure, the name of the current public officer has been substituted as the respondent in this action.

[3] Petitioner waived indictment, and the case proceeded on the information filed by the prosecutor.

[4] While his attorney referred to the victims' mother as petitioner's "paramour," petitioner contends that their relationship was not sexual. *See* Discussion *infra.*

1

to two counts of sexual abuse by a parent, guardian, custodian, or other person of trust pursuant to West Virginia Code § 61-8D-5 (one count per victim) and that the State would dismiss the remaining counts. The agreement further provided, in pertinent part, that petitioner would (1) serve concurrent sentences of ten to twenty years in prison for his crimes; (2) decline to seek any "modification, reduction, expungement, stay, pardon[,] executive clemency of the sentence imposed . . . as a result of [the] guilty plea entered . . . in accordance with the terms of this plea agreement"; and (3) be subject, upon petitioner's discharge from prison, to supervised release for a period of fifty years. The plea agreement informed petitioner that the terms of his supervised release "shall include, but not be limited to," the following conditions: (a) not residing or working within 1,000 feet of any school or childcare facility, or either of his victims; (b) participating in appropriate treatment programs or counseling; (c) being subject to "all customary conditions of release on probation, and such other conditions that may be imposed by the supervising authority"; and (d) paying the required $50 per month supervision fee, contingent on petitioner's ability to pay.

At a November 18, 2010, plea hearing, the circuit court confirmed that petitioner's signature was on the plea agreement and inquired whether petitioner signed the agreement only "after having an opportunity to ask [his counsel] any and all questions you may have had about the written plea agreement . . . [a]nd only after having any questions you may have had answered." Petitioner responded, "Yes, sir." The circuit court also received an affirmative answer when the court asked petitioner whether he was "pleading voluntarily and of your own free will." Petitioner also answered affirmatively when the circuit court inquired whether petitioner's attorney reviewed the charging document with him and explained the elements of the offense of sexual abuse by a parent, guardian, custodian, or other person of trust. Petitioner stated "yes, sir" when the circuit court asked whether counsel "has done anything and everything you believe reasonable and necessary to both protect and promote your best interest." Petitioner indicated that counsel performed satisfactorily. Accordingly, the circuit court found that "[petitioner] has . . . been effectively represented . . . throughout these proceedings, as well as here today."

On the first count of sexual abuse by a parent, guardian, custodian, or other person of trust, the prosecutor stated that the evidence would show the incident took place in the summer of 2006 when the victim, J.R.R., was thirteen. Petitioner explained that J.R.R., her sisters, and her mother were all sleeping side-by-side in a pop-up camper[5] (with petitioner on one end and the mother on the other) and J.R.R. "rolled over on top of me and said she wanted to have sex."

On the second count of sexual abuse by a parent, guardian, custodian, or other person of trust, the prosecutor indicated that the evidence would show that the incident regarding T.R.K. occurred in the spring of 2008 while both victims were under petitioner's care, custody, and control. According to petitioner, J.R.R. and T.R.K. were already playing with his penis when TR.K put her mouth on it. The guardian ad litem ("GAL") appointed to represent the victims' interests in petitioner's criminal case objected that petitioner was still attempting "to blame the victims for the conduct that has taken place" and "greatly minimizing . . . what he's done to these children."

_____

[5] Apparently, the incident occurred during a camping trip, but the record is unclear on this point.

2

Petitioner's counsel clarified that petitioner "acknowledges four-square that responsibility rests totally, completely[,] and one hundred percent on his shoulders for what transpired." At another point in the hearing, petitioner stated without prompting that he "was the adult"[6] and that he "should have never . . . ."

The circuit court allowed petitioner to plead guilty to two counts of sexual abuse by a parent, guardian, custodian, or other person of trust pursuant to West Virginia Code § 61-8D-5 Both the GAL and the prosecutor recommended that the circuit court accept the binding plea agreement because it adequately addressed the interests of the victims and the State in that the agreement was the best way to allow the victims to move on with their lives.[7] Also, the prosecutor, petitioner's counsel, and petitioner noted that the plea agreement provided that he be on supervised release for fifty years following his incarceration. Based on the GAL's and the State's joint recommendation, the circuit court accepted the binding plea agreement, adjudged petitioner guilty of two counts of sexual abuse by a parent, guardian, custodian, or other person of trust, and sentenced him to concurrent terms of ten to twenty years in prison. The circuit court entered its sentencing order, which included a section designated "terms and conditions of supervised release" that informed petitioner of twenty-five conditions of such release following his discharge from prison, on December 15, 2010.

On May 14, 2012, petitioner filed a petition for writ of habeas corpus alleging (1) ineffective assistance of counsel; (2) abuse of discretion by the circuit court in accepting petitioner's guilty pleas; (3) lack of a factual basis for petitioner's guilty pleas; and (4) prosecutorial misconduct. Petitioner later added new allegations, but the circuit court found that the same were subsumed in the four initial grounds of relief. The circuit court declined to appoint habeas counsel or hold a hearing, finding that petitioner's grounds were frivolous. The circuit court explained as follows:

> . . . Petitioner's assignments of error all advanced allegations of factual deficiencies and potential defenses which he concludes prove that he is "not guilty". Additionally, [petitioner] claims to have lacked a full understanding and appreciation of the provisions of the Plea Agreement and its specific consequences. However, the Court finds that such allegations are insufficient to rise to the standard of a successful challenge of [petitioner's] guilty plea conviction[.]

The circuit court determined that "[petitioner] freely, voluntarily, intelligently, and knowingly entered into the plea agreement, wherein he was advised of his rights on the record[.]"[8]

---

[6] At the plea hearing, petitioner stated that he was forty-seven years old.

[7] The circuit court had noted its concern that the plea agreement did not adequately represent the interests of the victims and of the State because of (1) the possibility that petitioner would reoffend after he was discharged from prison; and (2) petitioner's lack of remorse.

[8] The circuit court also determined that petitioner waived his right to file a petition for writ of habeas corpus in the plea agreement. Having found that the circuit court properly found that

Petitioner now appeals the circuit court's August 12, 2014, order denying his habeas petition. We review a circuit court's order denying a habeas petition under the following standard:

> In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review.

Syl. Pt. 1, *Mathena v. Haines,* 219 W.Va. 417, 418, 633 S.E.2d 771, 772 (2006).

On appeal, petitioner asserts that petitioner's counsel performed ineffectively, the prosecutor committed misconduct, and the circuit court abused its discretion in accepting his guilty pleas based on his substantive arguments that (1) no factual basis existed for his pleas of guilty to two counts of sexual abuse by a parent, guardian, custodian, or other person of trust pursuant to West Virginia Code § 61-8D-5; (2) the circuit court did not deem petitioner a "sexually violent predator" pursuant to West Virginia Code § 15-12-2a, which is a prerequisite to imposing a term of supervised release; and (3) the circuit court did not adequately inform petitioner of the terms and conditions of supervised release such that petitioner's guilty pleas were not voluntarily and knowingly made. We address these arguments in turn.

First, petitioner contends that he was never the victims' custodian because he and their mother did not have a romantic relationship. Respondent warden counters that petitioner cohabitated with the victims' mother, noting that petitioner's counsel referred to the mother as petitioner's "paramour." We find that we need not resolve this dispute because the issue of cohabitation with the victims' mother is not determinative of whether petitioner was their custodian. For the purposes of West Virginia Code § 61-8D-5,[9] a "custodian" means "a person over the age of fourteen years who has or shares actual physical possession or care and custody of a child on a full-time or temporary basis[.]" *See* W.Va. Code § 61-8D-1(4) (setting forth applicable definitions for chapter 61, article 8D of the West Virginia Code).[10] Petitioner does not dispute that

---

petitioner's allegations did not merit the granting of habeas relief, *see* discussion *infra*, we do not address this issue.

[9] We note that, in 2005, the Legislature amended West Virginia Code § 61-8D-5 to expand the offense from sexual abuse by a parent, guardian, or custodian to sexual abuse by a parent, guardian, custodian, or other person of trust. However, while the offenses to which petitioner pled guilty occurred in 2006 and 2008, the record reflects that the State never alleged, in the alternative, that petitioner was an "other person of trust" with regard to his victims.

[10] West Virginia Code § 61-8D-1(4) continues, in pertinent part, that a "'[c]ustodian' *shall also include, but not be limited to,* the spouse of a parent, guardian or custodian, or *a person cohabiting with a parent*, guardian or custodian in the relationship of husband and wife, where such spouse or other person shares actual physical possession or care and custody of a child with

he "was [an] adult" or that the victims and their mother resided in his home. Furthermore, according to petitioner, the sexual misconduct[11] with J.R.R. occurred when the entire "family" was sleeping in very close proximity to each other. Given these facts, we easily determine that petitioner was the victims' custodian, who had "actual physical possession or care and custody of [each] child on a full-time or temporary basis."[12]

Second, petitioner argues that the circuit court had to find that petitioner was a "sexually violent predator" pursuant to West Virginia Code § 15-12-2a in order to sentence him to a period of supervised release following his incarceration, but did not so find. Respondent warden counters that the circuit court did not need to utilize West Virginia Code § 15-12-2a in order to sentence petitioner to fifty years of supervised release. We agree with respondent warden because the supervised release statute, West Virginia Code § 62-12-26,[13] provides that a child abuser convicted of a felony under chapter 61, article 8D of the West Virginia Code "shall" serve a term of supervised release after discharge from prison. W.Va. Code § 62-12-26(a); *State v. James*, 227 W.Va. 407, 415 n. 17, 710 S.E.2d 98, 106 n.17 (2011). The only time West Virginia Code § 62-12-26(a) requires a finding pursuant to West Virginia Code § 15-12-2a is when supervised release is imposed for a life term. *See James*, 227 W.Va. at 414-15, 710 S.E.2d at 105-6. Petitioner does not dispute that his term of supervised release was for only fifty years; therefore, we find that petitioner's argument under this issue is meritless.

Finally, petitioner asserts that he was not fully informed of the terms and conditions of supervised release such that petitioner's guilty pleas were not voluntarily and knowingly made. Respondent warden counters that the pleas were voluntarily and knowingly made with a complete understanding that petitioner would serve a period of supervised release with various terms and conditions. We note that the plea agreement outlined certain of the conditions to be imposed during supervised release and petitioner then received a comprehensive list of the terms and conditions in the sentencing order.[14] Petitioner alleges that once he reviewed the sentencing order,

_____

the parent, guardian or custodian." (emphasis added).

[11] Petitioner does not dispute that he had sex with both minors.

[12] In this regard, we note that we have held that it is permissible for a jury to find that a babysitter is a "custodian" for the purposes of West Virginia Code § 61-8D-5. *See* Syl. Pt. 1, *State v. Stephens*, 206 W.Va. 420, 525 S.E.2d 301 (1999).

[13] We note that the Legislature has recently amended West Virginia Code § 62-12-26, but that such amendments do not apply to petitioner's case.

[14] In his reply brief, petitioner raises West Virginia Code § 62-12-26(h), which requires that a defendant be provided with a comprehensive list of terms and conditions of his supervised release at sentencing. We determine that West Virginia Code § 62-12-26(h) is not pertinent to the issue petitioner is raising because petitioner entered his guilty pleas prior to his sentencing. Even if the statute was applicable, we find that the sentencing order fulfilled West Virginia Code § 62-12-26(h)'s requirement.

he was surprised at the number of strict conditions imposed with supervised release. We cannot accept the veracity of petitioner's allegation. Petitioner already knew from the plea agreement that the terms of supervised release "shall include, but not be limited to," not being able to reside or work within 1,000 feet of any school or childcare facility and having to live in accordance with "all customary conditions of release on probation, and such other conditions that may be imposed by the supervising authority." Because the plea agreement informed petitioner (1) that he would not be allowed near children or the areas children normally congregate; and (2) that additional conditions would be forthcoming, we find that petitioner understood the type and breadth of post-confinement supervision to which he was consenting when he signed the plea agreement.[15] Therefore, we conclude that the circuit court did not clearly err in finding that petitioner freely, voluntarily, and knowingly entered his guilty pleas.

As noted *supra*, petitioner bases his claims that counsel performed ineffectively,[16] that the prosecutor committed misconduct, and that the circuit court abused its discretion in accepting his guilty pleas on his substantive arguments which we have now found meritless. Accordingly, we reject all of petitioner's arguments and determine that the circuit court did not abuse its discretion in denying petitioner's habeas petition.

For the foregoing reasons, we find no error in the decision of the Circuit Court of Tyler County and affirm its August 12, 2014, order that denied petitioner's petition for writ of habeas corpus.

Affirmed.

**ISSUED:** June 26, 2015

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

---

[15] We note that West Virginia Code § 62-12-26(a) allows for both the modification and/or discharge of a defendant's period of supervised release in accordance with the provisions of West Virginia Code § 62-12-26(g). *See James*, 227 W.Va. at 414-15, 710 S.E.2d at 105-6.

[16] Petitioner alleges that counsel performed ineffectively because, if counsel conducted an adequate investigation, he would have formed the conclusion that petitioner was not the victims' "custodian." For reasons given *supra*, that claim lacks merit. It is unclear whether petitioner alleges that counsel's investigation into other aspects of the case was also deficient. However, counsel stated at the plea hearing that an arrangement was reached with the State, under which the State provided the defense with discovery. Thus, we find that an adequate investigation was conducted.

6